Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; ARISTA RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP INC.; CAPITOL RECORDS, INC.; and BMG MUSIC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DOE #1,<br>　　　　　Defendant. | CASE NO. 3:07-CV-04835-JCS<br><br>Honorable Joseph C. Spero<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, while Plaintiffs believe they have discovered the "John Doe" defendant's true identity, they have so far refrained from filing a First Amended Complaint naming her as an individual defendant to allow time to attempt settlement, and Plaintiffs request additional time to effectuate service once the First Amended Complaint is filed. In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is January 18, 2008. The initial case management conference is set for April 4, 2008, at 1:30 p.m., as continued by the Court's Order of December 21, 2007 upon Plaintiffs' request.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #1 ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, Santa Clara University.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on October 3, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena. On November 16, 2007, the ISP responded to Plaintiffs' subpoena, providing Plaintiffs with identifying information including Defendant's name, telephone number, and address.

5. On November 28, 2007, Plaintiffs sent a letter to Defendant notifying her of their claims, and later followed up with telephone messages and e-mail. Defendant has not responded to these attempts to contact her. Accordingly, Plaintiffs have prepared a First Amended Complaint naming Defendant individually, which will be filed within the week (unless Defendant contacts Plaintiffs and the dispute is resolved).

6. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

7. Plaintiffs submit that their efforts to give written notice to Defendant of their claim and subsequent efforts to contact Defendant and resolve the case without further litigation constitute "good cause" under Rule 4(m) for any delay in effectuating service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). Here, Plaintiffs acted in good faith to try to settle this matter with Defendant without potentially damaging her credit by naming her in the suit as well as attempting to avoid the cost of further litigation for both parties. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP

8. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

9. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 15, 2008                             HOLME ROBERTS & OWEN LLP


                                                    By: _____*/s/ Matthew Franklin Jaksa*___
                                                        MATTHEW FRANKLIN JAKSA
                                                        Attorney for Plaintiffs

1 **ORDER**

2  Good cause having been shown:

3  **IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and
4 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17,
5 2008.

6
7
8 Dated: _____          By: _____
                                          Honorable Joseph C. Spero
9                                         United States Magistrate Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28