1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   Dawniell Alise Zavala (CA State Bar No. 253130)
2  HOLME ROBERTS & OWEN LLP
   560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
7  UMG RECORDINGS, INC.; SONY BMG
   MUSIC ENTERTAINMENT; ARISTA
8  RECORDS LLC; ELEKTRA
   ENTERTAINMENT GROUP INC.;
9  CAPITOL RECORDS, INC.; and BMG
10 MUSIC

11              UNITED STATES DISTRICT COURT
12             NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
13

14 UMG RECORDINGS, INC., a Delaware            CASE NO. 3:07-CV-04835-JCS
15 corporation; SONY BMG MUSIC
   ENTERTAINMENT, a Delaware general           Honorable Joseph C. Spero
16 partnership; ARISTA RECORDS LLC, a
   Delaware limited liability company; ELEKTRA **DECLARATION OF MATTHEW**
17 ENTERTAINMENT GROUP INC., a Delaware        **FRANKLIN JAKSA IN FURTHER**
   corporation; CAPITOL RECORDS, INC., a       **SUPPORT OF MOTION FOR DEFAULT**
18 Delaware corporation; and BMG MUSIC, a New  **JUDGMENT AGAINST DEFENDANT**
19 York general partnership,                   **ELISE TAMAI**

20                 Plaintiffs,                 Date:   July 11, 2008
21                                             Time:  9:30 a.m.
         v.                                    Dept.:  Courtroom A, 15th Floor
22
23 ELISE TAMAI,
24                 Defendant.
25
26
27
28

DECLARATION OF MATTHEW FRANKLIN JAKSA
Case No.  3:07-CV-04835-JCS
#38038 v1

1

## DECLARATION OF MATTHEW FRANKLIN JAKSA

2    I, Matthew Franklin Jaksa, declare:

3    1.    I am an attorney at law licensed to practice before the Courts of the State of

4    California and the United States District Court for the Northern District of California. I am an

5    associate in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as lead national

6    counsel for the record companies in all actions like the current case. I have personal knowledge of

7    all facts set forth in this declaration, except as where stated on information and belief. As to such

8    facts, I believe them to be true.

9    2.    Users of peer-to-peer networks who distribute files over a network can be identified

10   using Internet Protocol ("IP") addresses, as more fully described below, because the unique IP

11   address of the computer offering the files for distribution can be captured by a user during a search

12   or a file transfer. Users of peer-to-peer networks can be identified by their IP addresses because

13   each computer or network device that connects to a peer-to-peer network must have a unique IP

14   address within the Internet to deliver files from one computer or network device to another. Two

15   computers cannot effectively function if they are connected to the Internet with the same IP address

16   at the same time. This is analogous to the postal system, where each mail drop has a unique address.

17   Each computer or network device is connected to a network that is administered by an organization

18   like a business, Internet Service Provider ("ISP"), college or university. Each network, in turn, is

19   analogous to a zip code. The network provider will maintain a log of IP address allocations. An IP

20   address can be associated with an organization such as an ISP, business, college or university, and

21   that organization can identify the peer-to-peer network user associated with the IP address.

22   3.    On May 28, 2007, Plaintiffs' investigators detected an individual, later determined to

23   be Defendant, using the LimeWire online media distribution system over a peer-to-peer file-sharing

24   network. This individual had 1022 audio files on her computer and was distributing them to the

25   millions of people who use peer-to-peer networks. A third-party investigator retained by Plaintiffs,

26   MediaSentry, Inc., determined that the individual used IP address 129.210.185.210 to connect to the

27   Internet.

28

1

DECLARATION OF MATTHEW FRANKLIN JAKSA
Case No.  3:07-CV-04835-JCS
#38038 v1

4.    In gathering evidence of copyright infringement, MediaSentry uses the same functionalities that are built into peer-to-peer programs that any user of the software can use on the network. Therefore, MediaSentry does not do anything that any other user on a peer-to-peer network cannot do. MediaSentry does not obtain any information that is not also available to anyone who logs into a peer-to-peer network.

5.    Just as any other user on the same peer-to-peer network as this individual would be able to do, MediaSentry was able to detect the infringement of copyrighted works and identify the user's IP address, because the LimeWire peer-to-peer software had its file-sharing feature enabled.[1] MediaSentry obtained a list of the individual's "share" folder(s) and downloaded a number of the MP3 music files that the individual was offering to users of the LimeWire network. Then, the record companies themselves verified that these music files were, indeed, their copyrighted recordings. These music files are the ones listed in Exhibit A to the First Amended Complaint ("Complaint"), a true and correct copy of which is attached as **Exhibit 1**.

6.    Once Plaintiffs verified that their copyrights had been infringed, Plaintiffs began the process of identifying the individual associated with IP address 129.210.185.210. To do this, Plaintiffs filed a Doe lawsuit and an *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007. The purpose of the discovery motion was to allow the Plaintiffs to serve a subpoena on the ISP with which IP address 129.210.185.210 was associated, in order to learn the identity of the individual to whom this address was assigned at the date and time the infringement was detected. Specifically, Plaintiffs sought leave to serve a subpoena asking the ISP to identify the individual associated with IP address 129.210.185.210 at the date and time MediaSentry detected the infringement.

7.    The Court entered its Order Granting Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery on October 3, 2007, and Plaintiffs served the above-referenced subpoena on Santa Clara University ("SCU"), the ISP associated with the above-referenced IP address. SCU identified Elise Tamai, the Defendant, as the individual in question.

---

[1] *See United States v. Kennedy*, 81 F. Supp. 2d 1103, 1106 n.4 (D. Kan. 2000) (explaining detection through a file-sharing program).

2

1      8.     After learning Ms. Tamai's identity, Plaintiffs' counsel sent Ms. Tamai a letter

2   advising her that copyright infringement had been detected and providing a telephone number and e-

3   mail address she could use to contact Plaintiffs' representatives to try to resolve the matter before

4   amending the Doe lawsuit to name Ms. Tamai as Defendant.

5      9.     Plaintiffs' settlement representatives did not hear from Defendant, and Plaintiffs filed

6   their First Amended Complaint against Defendant for copyright infringement on January 18, 2008.

7      10.    Defendant was served with the Summons and Complaint on February 18, 2008, by

8   substitute service.

9      11.    Defendant failed to answer or otherwise respond to the Complaint, or to serve a copy

10   of any answer or other response upon Plaintiffs' attorneys of record.

11      12.    On March 17, 2008, Plaintiffs' counsel sent a letter to Defendant explaining that she

12   was in default, and urging Defendant to respond to the Complaint or contact Plaintiffs'

13   representatives regarding a settlement.  Plaintiffs received no response to this letter.  Attached as

14   **Exhibit 2** is a true and correct copy of the letter sent by Plaintiffs to Defendant.

15      13.    On March 27, 2008, the Clerk of this Court entered the default of Defendant.

16   Attached as **Exhibit 3** is a true and correct copy of the Default by Clerk.

17      14.    Defendant was notified that the Clerk of this Court entered default of Defendant on

18   March 27, 2008.  Attached as **Exhibit 4** is a true and correct copy of the Proof of Service of Default

19   by Clerk.

20      15.    The library staff of Holme Roberts & Owen conducted searches in the SmartLinx

21   Person Summary Report database of Lexis Nexis to determine the age of Defendant.  This search

22   revealed that Defendant was issued a social security number in 1989.  As such, Plaintiffs are

23   informed and believe that Defendant is at least 19 years old, and is therefore not a minor.  Attached

24   as **Exhibit 5** is a true and correct copy of the search, which shows Defendant's name, address, and

25   year of issue of her social security number.  I am also informed and believe that Defendant is not

26   incompetent.

27      16.    The Library staff of Holme Roberts & Owen also conducted a search through the

28   Department of Defense – Manpower Data Center, to determine if Defendant is in the military.  The

DECLARATION OF MATTHEW FRANKLIN JAKSA
Case No.  3:07-CV-04835-JCS
#38038 v1

1    search revealed no evidence that Defendant is in the military service.  Attached as **Exhibit 6** is a true

2    and correct copy of the search.

3        17.    Plaintiffs have incurred costs in this case in the amount of $350 for filing fees, and

4    $70 for service of process.

5        18.    In the event that the Court has additional questions or concerns related to Plaintiffs'

6    motion for default judgment, Plaintiffs respectfully request a hearing in order to address the Court's

7    concerns.

8        I declare under penalty of perjury under the laws of the United States of America that the

9    foregoing is true and correct.

10       Executed this 5th day of June, 2008, at San Francisco, California.

11

12

13                                    _____
                                      Matthew Franklin Jaksa

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MATTHEW FRANKLIN JAKSA
Case No.  3:07-CV-04835-JCS
#38038 v1

# EXHIBIT 1

Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email:      matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; SONY BMG MUSIC
ENTERTAINMENT; ARISTA RECORDS LLC;
ELEKTRA ENTERTAINMENT GROUP INC.;
CAPITOL RECORDS, INC.; and BMG MUSIC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>      Plaintiffs,<br><br>  v.<br><br>ELISE TAMAI,<br>      Defendant. | CASE NO. 3:07-CV-04835-JCS<br><br>**Honorable Joseph C. Spero**<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

**JURISDICTION AND VENUE**

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.    This Court has personal jurisdiction over the Defendant, Elise Tamai, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.    Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

5.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

6.    Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7.    Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8.    Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9.    Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

10.    Plaintiffs are informed and believe that Defendant is an individual who resided in Santa Clara, California, within this District at the time of the infringement complained of herein. Upon information and belief, Defendant may still be found in this District.

1

First Amended Complaint for Copyright Infringement
Case No. 07-04835-JCS
#34957 v1

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

11.    Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

12.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

13.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

14.    Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

15.    Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a

2

1    router) that connects to a P2P network must have a unique IP address within the Internet to deliver

2    files from one computer or network device to another. Two computers cannot effectively function if

3    they are connected to the Internet with the same IP address at the same time.

4         16.    Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP

5    address 129.210.185.210 on May 28, 2007 at 13:29:18 EDT distributing 1022 audio files over the

6    Internet. The Defendant was identified as the individual responsible for that IP address at that date

7    and time. Plaintiffs are informed and believe that as of May 28, 2007, Defendant, without the

8    permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to

9    download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date

10   and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission

11   or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's

12   continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted

13   Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has

14   violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute

15   infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16        17.    In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and

17   believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded

18   and/or distributed to the public additional sound recordings owned by or exclusively licensed to

19   Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are

20   ongoing.

21        18.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

22   each respective album cover of each of the sound recordings identified in Exhibit A. These notices

23   of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

24   These published copies were widely available, and each of the published copies of the sound

25   recordings identified in Exhibit A was accessible by Defendant.

26        19.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

27   willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

28

3

1      20.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

2    under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

3    Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to

4    their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

5      21.    The conduct of Defendant is causing and, unless enjoined and restrained by this

6    Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

7    or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502

8    and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

9    Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in

10   violation of Plaintiffs' exclusive rights.

11     WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

12     1.    For an injunction providing:

13     "Defendant shall be and hereby is enjoined from directly or indirectly
       infringing Plaintiffs' rights under federal or state law in the
14     Copyrighted Recordings and any sound recording, whether now in
       existence or later created, that is owned or controlled by Plaintiffs (or
15     any parent, subsidiary, or affiliate record label of Plaintiffs)
       ("Plaintiffs' Recordings"), including without limitation by using the
16     Internet or any online media distribution system to reproduce (i.e.,
       download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any
17     of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
       available for distribution to the public, except pursuant to a lawful
18     license or with the express authority of Plaintiffs.  Defendant also shall
       destroy all copies of Plaintiffs' Recordings that Defendant has
19     downloaded onto any computer hard drive or server without Plaintiffs'
       authorization and shall destroy all copies of those downloaded
20     recordings transferred onto any physical medium or device in
       Defendant's possession, custody, or control."

21

22     2.    For statutory damages for each infringement of each Copyrighted Recording

23   pursuant to 17 U.S.C. § 504.

24     3.    For Plaintiffs' costs in this action.

25     4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

26   ///

27   ///

28   ///

4

First Amended Complaint for Copyright Infringement
Case No. 07-04835-JCS
#34957 v1

1          5.       For such other and further relief as the Court may deem just and proper.

2     Dated: January 18, 2008                          HOLME ROBERTS & OWEN LLP

3

4                                                      By: _____

5                                                      MATTHEW FRANKLIN JAKSA
                                                       Attorney for Plaintiffs
6                                                      UMG RECORDINGS, INC.; SONY BMG
                                                       MUSIC ENTERTAINMENT; ARISTA
7                                                      RECORDS LLC; ELEKTRA
                                                       ENTERTAINMENT GROUP INC.;
8                                                      CAPITOL RECORDS, INC.; and BMG
                                                       MUSIC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint for Copyright Infringement
Case No. 07-04835-JCS
#34957 v1

# **EXHIBIT A**

# EXHIBIT A

## ELISE TAMAI

**IP Address:** 129.210.185.210 2007-05-28 13:29:18 EDT          **CASE ID#** 130936544

**P2P Network:** Gnutella          **Total Audio Files:** 1022

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Lifehouse | You And Me | Lifehouse | 370-643 |
| SONY BMG MUSIC ENTERTAINMENT | Korn | Freak On a Leash | Follow the Leader | 263-749 |
| UMG Recordings, Inc. | Rise Against | Paper Wings | Siren Song Of The Counter Culture | 355-243 |
| Arista Records LLC | Air Supply | All Out Of Love | Lost In Love | 38-070 |
| Elektra Entertainment Group Inc. | The Cure | Lullaby | Disintegration | 104-305 |
| UMG Recordings, Inc. | Nelly | Over and Over | Suit | 358-551 |
| Capitol Records, Inc. | Jimmy Eat World | Crush | Clarity | 262-667 |
| UMG Recordings, Inc. | Counting Crows | A Long December | Recovering The Satellites | 226-415 |
| BMG Music | Eve 6 | Think Twice | It's All in Your Head | 335-549 |

# EXHIBIT 2



**Holme Roberts & Owen LLP**
*Attorneys at Law*

SAN FRANCISCO

March 17, 2008

**VIA U.S. MAIL**

BOULDER

Elise Tamai
564 Alviso Street
Santa Clara, CA 95050

Re:    *UMG Recordings, Inc., et al. v. Elise Tamai*

COLORADO SPRINGS
       U.S. District Court-Northern District, San Francisco Division
       Case No. C 07-04835 JCS

Dear Ms. Tamai:

DENVER

This law firm is counsel to the record company plaintiffs in the above-mentioned case.  You were served with the Summons and Complaint on **February 18, 2008**.  As the Summons stated, the law required you to file and serve a response to the Complaint <u>within 20 days</u> after you were served.

LONDON

Because you have failed to do so, Plaintiffs now have the right to enter your default and seek judgment against you for all of the relief sought in the Complaint, including monetary damages and an injunction.  We urge you to file and serve a response to the Complaint immediately, and to consult an attorney

LOS ANGELES

if you have not yet done so.  Failure to respond to the Complaint can have serious consequences for you.

If you would like to try to settle this case promptly, you or your attorney may call the record companies' representatives by phone at (913) 234-8181, by

MUNICH

facsimile at (913) 234-8182, or by e-mail at info@SettlementInformationLine.com.  If you are under the age of 18, we will require that your attorney (or your parent or other guardian) be present during any discussions.  Please understand that contacting the record companies'

SALT LAKE CITY

representatives is not a substitute for filing immediately a response to the Complaint.

Sincerely,

Matthew F. Jaksa

Matt Jaksa  415.268.1986  matt.jaksa@hro.com
560 Mission Street, 25th Floor  San Francisco, California 94105-2994  *tel*  415.268.2000  *fax*  415.268.1999
#36212 v1

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking                                                    General Court Number
Clerk                                                                       415.522.2000

March 27, 2008

RE:  <u>CV 07-04835 JCS</u>        <u>UMG RECORDINGS INC.-v- JOHN DOE &#035;1</u>

Default is entered as to **Defendant Elise Tamai**  on **March 27, 2008.**.

RICHARD W. WIEKING, Clerk

by Gina Agustine-Rivas
Case Systems Administrator

NDC TR-4  Rev. 3/89

# EXHIBIT 4

1   Matthew Franklin Jaksa (CA State Bar No. 248072)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, CA 94105-2994
3   Telephone: (415) 268-2000
    Facsimile: (415) 268-1999
4   Email:     matt.jaksa@hro.com
5
6   Attorneys for Plaintiffs,
    UMG RECORDINGS, INC.; SONY BMG MUSIC
7   ENTERTAINMENT; ARISTA RECORDS LLC;
    ELEKTRA ENTERTAINMENT GROUP INC.;
8   CAPITOL RECORDS, INC.; and BMG MUSIC
9
10                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
11                    SAN FRANCISCO DIVISION
12

| | |
|---|---|
| 13   UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC 14   ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a 15   Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware 16   corporation; CAPITOL RECORDS, INC., a Delaware corporation; and BMG MUSIC, a New 17   York general partnership, 18 19                  Plaintiffs, 20        v. 21 22   ELISE TAMAI, 23                  Defendant. | CASE NO. 3:07-CV-04835-JCS  The Honorable Joseph C. Spero  **PROOF OF SERVICE OF CLERK'S NOTICE OF ENTRY OF DEFAULT** |

24
25
26
27
28

Case 3:07-cv-04835-JCS     Document 23     Filed 03/27/2008     Page 2 of 2

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

3

    I am employed in the office of Holme Roberts & Owen in San Francisco, California.  I am

4

over the age of eighteen years and not a party to the within action.  My business address is 560

5

Mission Street, 25th Floor, San Francisco, CA  94105.

6

    On March 27, 2008, I served the foregoing documents described as:

7

**CLERK'S NOTICE OF ENTRY OF DEFAULT**

8

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed

9

envelope addressed as follows:

10

        **Elise Tamai**
        **564 Alviso Street**

11

        **Santa Clara, CA 95050**

12

    ☒    BY MAIL: I am "readily familiar" with the firm's practice of collection and

13

processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal

14

service on that same day with postage thereon fully prepaid at San Francisco, California in the

15

ordinary course of business.  I am aware that on motion of the party served, service is presumed

16

invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

17

mailing in affidavit.

18

    ☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this

19

court at whose direction the service was made.

20

    Executed on March 27, 2008 at San Francisco, California.

21

22

23

*Della Grant*

24

————————————
Della Grant

25

26

27

28

1

PROOF OF SERVICE RE CLERK'S NOTICE OF ENTRY OF DEFAULT
Case No. 07-04835-JCS
#36541 v1

# EXHIBIT 5

DPPA - 1. Litigation
GLBA - 6. Persons With a Legal or Beneficial Interest re Consumer

Subject Summary | Others Using SSN | Address Summary (1) | Voter Registrations
Licenses | Personal Property | Real Property | Bankruptcies | Judgments & Liens
Relatives | Associated Entities | Neighbors (5) | Sources (2)

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2005 LexisNexis,
a division of Reed Elsevier Inc. All Rights Reserved

| Full Name | Address | County | Phone |
|-----------|---------|--------|-------|
| TAMAI, ELISE A | 564 ALVISO ST<br>SANTA CLARA, CA 95050-4906<br>COUNTY: SANTA CLARA | SANTA<br>CLARA | |

| ADDITIONAL PERSONAL INFORMATION | | |
|---|---|---|
| SSN | DOB | GENDER |
| 645-07-XXXX<br>(TEXAS: 1989-1989) | | |

**Subject Summary**                                       Name Variations (1) | SSNs Summary (1)

**Name Variations**                                                    View Name Variation Sources

| 1: | TAMAI, ELISE A |
|----|----------------|

**SSNs Summary**                                                              View SSN Sources

| No. | SSN | State Iss. | Date Iss. | Warnings |
|-----|-----|-----------|-----------|----------|
| 1: | 645-07-XXXX | TEXAS | 1989-1989 | |

**Address Summary**

**Address Summary - 1 records found for subject:**                      View Address Sources

| # | Address | Actions |
|---|---------|---------|
| 1: | 564 ALVISO ST<br>SANTA CLARA, CA 95050-4906<br>COUNTY: SANTA CLARA | Get Report<br><br>View Details |

**Address Details**

| 1: 564 ALVISO ST SANTA CLARA, CA 95050-4906 | | | |
|---|---|---|---|
| Address | Dates | Phones | Actions |

Page 2

| 564 ALVISO ST<br>SANTA CLARA, CA 95050-4906<br>COUNTY: SANTA CLARA | 02/2008 | | Get Report<br><br>View Neighbors |
|---|---|---|---|
| Census Data for this Geographical Region | | | |
| Median Head of Household Age: | | | 34 |
| Median Income: | | | $49,808 |
| Median Home Value: | | | $433,100 |
| Median Education Level: | | | 14 years |

Neighbors

**Neighbors**

| | | | 564 ALVISO ST, SANTA CLARA, CA 95050-4906 |
|---|---|---|---|
| Name | Address | Phone | Actions |
| CROWLEY, ANGELA B | 559 ALVISO ST APT 3<br>SANTA CLARA, CA 95050-4965<br>COUNTY: SANTA CLARA | (000) 000-0000 | Get Report |
| AVALOS, MICHAEL | 559 ALVISO ST APT 4<br>SANTA CLARA, CA 95050-4965<br>COUNTY: SANTA CLARA | | Get Report |
| TORRES, MARIA ALE-JANDRA | 559 ALVISO ST APT 5<br>SANTA CLARA, CA 95050-4965<br>COUNTY: SANTA CLARA | | Get Report |
| | 554 ALVISO ST<br>SANTA CLARA, CA 95050-4906<br>COUNTY: SANTA CLARA | (408) 554-6924 | Get Report |
| | 575 ALVISO ST<br>SANTA CLARA, CA 95050-4905<br>COUNTY: SANTA CLARA | | Get Report |

Sources

**Sources**

| All Sources | 2 Source Documents |
|---|---|
| Person Locator 1 | 1 Source Document |
| Historical Person Locator | 1 Source Document |

| Key: | |
|---|---|
| ⚑ | High or moderate risk indicator. These flags may prompt you to investigate further |
| ✓ | The most recent telephone listing as reported by the EDA source |

Important: The Public Records and commercially available data sources used in Smartlinx(TM) Reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the information contained in the Smartlinx(TM) Reports is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

# EXHIBIT 6

Request for Military Status                                                                                         Page 1 of 1

Department of Defense Manpower Data Center                                    MAR-25-2008 09:05:49


Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| ◄ Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|---|---|---|---|---|
| TAMAI | Elise | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military. **HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.**



Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

*Report ID:**QHZNTGMASL***

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the office of Holme Roberts & Owen in San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On June 5, 2008, I served the foregoing documents described as:

**DECLARATION OF MATTHEW FRANKLIN JAKSA IN FURTHER SUPPORT OF**

**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ELISE TAMAI**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> **Elise Tamai**
> **564 Alviso Street**
> **Santa Clara, CA 95050**

☒    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 5, 2008 at San Francisco, California.


_Della Grant_
_____
Della Grant

PROOF OF SERVICE
Case No. 3:07-CV-04835-JCS
#38038 v1